PLAYBOY ENTERPRISES INTERNATIONAL, INC., Playboy Entertainment Group, Inc., and Playboy.Com, Inc., Plaintiffs–Counter–Defendants–Appellees,

v.

ON LINE ENTERTAINMENT, INC., and Mario Cavalluzzo, Defendants–Counterclaimants–Appellants.

No. 04–2434–CV.

United States Court of Appeals, Second Circuit.

June 21, 2005.

John M. Desmarais, Kirkland & Ellis LLP (Joseph C. Gioconda and Rebecca R. Halperin, on the brief), New York, NY, for Appellees.

John P. Bostany, The Bostany Law Firm, New York, NY, for Appellants.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED.**

Appellants On Line Entertainment and Mario Cavalluzzo appeal from the judgment of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) denying their motion (1) to set aside a settlement agreement executed by the parties on April 9, 2003, (2) to vacate a consent judgment and permanent injunction entered by the district court on April 10, 2003, embodying the terms of the settlement agreement, and (3) to set a date for a new trial.

The district court did not abuse its discretion in denying appellants' motion. None of the conduct complained of—allegedly improper cross-examination by Playboy's counsel, Playboy's alleged breach of a March 2003 agreement settling some of the claims in this case, a "reprimand" by the trial judge that allegedly "created an impossible situation" for Cavalluzzo, Cavalluzzo's alleged "mistake" about what the jury believed—constitutes fraud, mistake, or duress sufficient to vacate a settlement agreement or relieve the appellants of judgment. In short, we have carefully considered all of appellants' arguments and find them so utterly without merit as to border on the frivolous.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.